FILED
JUN - 9 2008
JUDGE JAMES F. HOLDERMAN
UNITED STATES DISTRICT COURT

FILED
JUN - 9 2008
JUDGE JAMES F. HOLDERMAN
UNITED STATES DISTRICT COURT

2008 JUN -9 PM 5: 32
U.S. DISTRICT CLERK COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

| | |
|---|---|
| BETTIE PULLEN-WALKER ) <br> ) <br> Plaintiff/Appellant ) <br> vs. ) <br> ) <br> ROOSEVELT UNIVERSITY, ROOSEVELT ) <br> UNIVERSITY BOARD OF TRUSTEES, ) <br> Valerie Janesick, George Lowery, Antonia Potenza, ) <br> Charles Middleton ) <br> ) <br> Defendant/Appellees ) | CASE No. 08 C 2299 <br> <br> THE CHIEF JUDGE: <br> JAMES F. HOLDERMAN |

**AMENDED EMERGENCY MOTION FOR REASSIGNMENT DE NOVO:**
**JUDGEMENT IN ERROR BASEDON RES JUDICATA**
**DISMISSAL ON RULE 60(b) FILED 45 DAYS AFTER JUDGMENT**
**RULE 59(e) TIMELY-FILED OVERLOOKED**
**NEW DISCOVERY OVERLOOKED**
**DUE PROCESS DENIED**

**To:** Mr. Robert E. Swain and Steve Richart
Attorney for the Defendants
Hodges, Loizzi, Eisenhammer, Rodick, and Kohn
3030 Salt Creek Lane #202
Arlington Heights, Illinois 60005
847/607-9000

Bettie Pullen-Walker, Pro-Se
745 East 84th Place (1S)
Chicago, Illinois 60619
773/487-0084

June 9 2008
**DATE**

*Bettie Pullen-Walker*
**SIGNATURE CERTIFICATION**

## AMENDED EMERGENCY MOTION DE NOVO ON DUE PROCESS DENIED

NOW COMES PLAINTIFF, Bettie Pullen- Walker pro-se, v. Respondents Roosevelt University et al, its Board of Trustees, and employees, et al, upon unlawful expulsion for falsely charged avoidance of taking the final Comprehensive Exam on pretense of academic reasons. The real reason was sex discrimination in violation of mandates under 20 U.S.C. § 1681 et seq, Title IX Education Amendment Act of 1972 for protection of student rights in higher education. This petition submitted to the Chief Justice for Supervisory Powers **involves important federal questions** on controlling statues overlooked in Case No. 05 C 5428. Reassignment is respectfully requested upon the presiding judge's refusal to consider review, as follows:

1. Judgment rendered based on res judicata was inapplicable because the summons were never served in the underlying Breach of Contract Case 04 C 3428, and the presiding judge ruled lack of federal jurisdiction.

2. Dismissal, ultimately, was upheld in clear error of law by the Court based on a motion filed pursuant to Rule 60(b) 45 days after judgment [for answer instanter and clarity] as a replacement for a motion timely-filed pursuant to Rule (59(e) within 10 days of judgment.

3. Title IX cause of action and other legal claims were not addressed under Rule304(a);

4. New Discovery overlooked; refused review in conflict with Federal Rules of Evidence.

5. The rulings were: **(a)** in conflict with other courts on the same matter, **(b)** in departure from accepted and usual course of judicial proceedings rendering the judgment in error of law, and justice denied. [ Exhibits attached.] Under Federal Rules of Civil Procedures:

> *Pursuant to Rule 1447c, "when the summons is not served, and the presiding judge states there is no federal jurisdiction, there is no preclusive effect of res judicata, and any ruling before or after becomes moot for lack of jurisdiction," as upheld in* Ansalve v. State Farm Mutual Insurance Co. 669S 2d 1328 (La Ct App., 1996). **59(e)4(a)(1) A**

6. The plaintiff had no effective legal representation on withdrawal of the attorneys after judgment and dismissal. Decisions were prejudiced in favor of the defendants. [On good faith and information, the Attorney General must be notified of Constitutional claims denied.]

1

**RELIEF REQUESTED**

7. The District Court declined to address the plaintiff's petition on reassignment by the Executive Committee at the request of the Honorable Judge Rebecca R. Pallmeyer, originally assigned, Case No. 08 C 2299. This justice has suggested re-filing. Pursuant to Rule 60(b) on New Discovery of deception and concealment that could not have been known during court proceedings, the statute of limitations is extended, and stated under Federal Rules of Evidence, review is required as a matter of law.

As above, Rules 1447(c) and 59(e), the controlling statues were overlooked by the Court. Rule 60(b was misinterpreted. The plaintiff respectfully implores reassignment and a change of venue under Supervisory Powers of the Chief Justice and the Executive Committee and directions **de novo** " to correct clear legal error and prevent a manifest injustice." The Court has "misunderstood the facts, the argument, and controlling law," as set forth below:

> "*A de novo [renew] standard applies upon filing a Rule 59(e) motion within 10 days of entry of judgment, and altering or amending a judgment is justified "to correct a clear legal error and to prevent a manifest injustice. A Rule 59(e) motion is appropriate when the court has misunderstood the facts, the parties' argument, or controlling law.* **59(e)4(a)(1)A**

8. New Discovery revealed formal expulsion believed emanating from the College of Education was imposed by staff members in: (1) deception on assuming academic authority in testing and dissertation preparation, (2) concealing themselves as the perpetuators, and naming the chairman of the Education department as sole accuser. Discovery of altered material facts, and actual identities of parties changed the contents of the case. This matter was not addressed by the District Court on repeated requests to amend until a few days before limitations and too late to prepare a response.

> In **Satellite Broadcasting & Communications Ass'n v. Oman** *17 F. #d 344, 348 (11 Cir.) "[W]hen a panel decision did not ...find the statute's "clear meaning," a subsequent panel of the same court is not precluded from revisiting question of statutory interpretation." F.R.C.P. 59(e)(4)(1)A*

**9. Overarching this matter, as above, federal questions arise on the interpretation of Rule 60(b) replacing Rule 59(e) as basis for upholding judgment and dismissing the case.**

*"If a party <u>timely files</u> in district court any of the following motions under F.R.C.P., time to file an appeal runs for all parties from the entry of <u>the order disposing of the last such remaining order</u>: (iv) to alter or amend the judgment under Rule 59(e), or (vi) for relief under Rule 60, if the motion is filed no later than 10 days after judgment is entered*

**Background**

10. Enrolled in the College of Education doctoral program, Educational Leadership and Organizational Change (ELOC), the plaintiff was expelled by Dr. Valerie Janesick, newly

11. **May 18, 2001 - Dean's Memo Refuses Referral; Disclaims Knowledge of Staff Action** employed, on a falsely alleged charge of avoiding the final Comprehensive Examination without certified notice, and in conflict with resolution procedures stated as university policy.

12. The manufactured charge was refuted by the grade point average (GPA) acquired at 3.62 on a 4.00 scale upon completion of all courses [3.00 required], and 3.80 in Counseling, a separate department, in the next year on leave by permission. [National norm established at eight years for acquiring the degree is stated in conformity by the university, and only four years had expired since the plaintiff's enrollment.] Equally injurious, **doctoral credits cannot be transferred to another university.**

13. In justification for the exclusion, denigrating sexual comments were spread across campus of using feminine wiles among male professors to have success in the program, creating a hostile environment among peer students and faculty, and interfering with academic progress. The assault was so pervasive, compounded by abusive letters sent at least twice monthly with charges never heard alleged as occurring on dates before her arrival. The turmoil resulted in emotional distress and finally led to incapacitating illness.

14. Quoting **Raetz v. Aurora N.2-02-1388**, the court upheld principles embodied in Title IX that are applicable in the instant case:

*"[R]eversal of dismissal in the student-university context is permitted when "an adverse decision supposedly for academic deficiencies was made arbitrarily and capriciously and in bad faith."*

15. The District Court, however, ruled on exclusion from a Higher Education program. The **codified mandates** that invoked implicit cause of action as enacted by the Supreme Court and Congress for protection of students in higher education and violated by the

3

defendants on repeated claim of immunity, were never adjudicated by the court. In the landmark case, **Cannon v. University of Chicago,** *441 U.S.677, 704 (1979). (U.S. Reports):*

> *"No person in the United States shall on the basis of sex be excluded from participation in be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal assistance."*

## New Discovery

**16.** On finding new discovery, pursuant to Rules 60(b) and 60(c), that could not have been known during trial, and on finding deception and concealment as pursuant to Federal Rules of Evidence, review was required as a matter of law. The discovery after judgment was initiated by the court appointed attorney, before withdrawal on the rendering of judgment and dismissal. Repeated motions filed to amend the case were not addressed or denied by the court over a full year. Leave requested for removal and remand were denied.

**17.** A significant measure of violation under Title IX is demonstrated in the instant case by the fact that expulsion during illness for alleged avoidance of examination did not meet abetted by an administrator in charge and a faulty member abetted by an administrator in charge and a faulty member important educational goals or necessity. Most adversely, staff imposing expulsion on their own has meant exclusion not just from the College of Education, but also from the university, and barred to access to resolution for re-entry to the doctoral program.

> *"In an educational context, the action of the recipient must be demonstrably necessary to meeting important educational goals or educational necessity. The evidence must support the finding that the reason articulated by the recipient was not the true reason for the challenged action, and the real reason was discrimination based on sex.*
>
> **Title IX Common Rule Manual   Fed. Reg. 52857 (2000**

**18.** On **August 2, 2002**, academic expulsion was upheld based on the falsely imposed testing charge. At the same time, notice arrived of ongoing investigation by OCR request "to see if something had been missed." and hearings were requested twice. The defendants were determined to justify their actions in breach of policy on interfering in academic matters,

claimed valid to the end. At the same time, abetted by an administrator in charge and a faculty member, the actions obstructed resolution of discrimination and exclusion in the College of Education. After these reviews, referral was made to the university president.]

19. On **December 3, 2002,** the new university president, with final authority on issues of discrimination by university policy, upheld expulsion on a finding of no discrimination. This decision was made by overlooking the pervasive harassment and sex discrimination, legal mandates and university policy, and the truly flimsy nature of the charge of avoidance testing during illness, as if inhuman and incapable of illness. Above all, the arbitrary, capricious decision, on pretense of academic reasons and based on sex discrimination, stand in conflict with the academic record, academic norms and public policy.

> In *McConnelll v. LeMoyne College New York State Supreme Court*, *Onondaga County Index No. 2005-2530. 56 (citation onLEXUS) the student was expelled upon completion of all\ courses for having a philosophy on student discipline different from the College, which generated wide public protest, and the intervention of the N.Y. Higher Court for reversal.*

20. The case demonstrates variance from expected academic norms, as occurred in this case. As stated in the Graduate Catalog "work missed can be made up," with no strictures attached. Instead, attorneys were engaged to obstruct continuation and bar opportunity to education in conflict with the enactments of the Supreme Court and Congress "mandated with the force of law."

21. In an educational context, missing final exam during illness with an academic record above departmental standards and expelled was a pretext for the sex discrimination mounted across campus. Under Illinois law, further, the university is unjustly enriched on taking the petitioner's tuition in good standing in every semester, as the transcript shows, and meeting all obligations without benefit in return, namely, opportunity to acquire the degree promised.

22. The District Court also stated the pro-se litigant did not refer to legal expressions of "*error* of law" or "abuse of discretion" concerning decisions, "as required under Illinois law." *The plaintiff was under deep emotional distress compounded by withdrawal of the attorneys on the rendering of the judgment and dismissal, and facing a complaint amendment beyond Title IX*

*claims specifically stated as unwarranted. Nevertheless, on prevailing by necessity, errors of law and discretion were repeatedly brought before the court without response over a full year.*

**23.** Further stated, June 28, 2006 *"On reviewing the defendants' motion to dismiss, the court failed to draw inferences from the Complaint in the light most favorable to the plaintiff,* re Marshall-Mosby v. Corporate Receivables, Inc. 2905 F. 323, 326 (7th Cir. 2000). " Again stated re Conley v. Gibson, 355 U.S.41, 45-46, (1957): *"Dismissal is warranted only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of the claims that would entitle relief."* The Court, in error of law and abuse of discretion failed to follow the decisions quoted, misinterpreted material facts, and based on concealment and deception did not have all facts. As above, the cause of action and other legal claims were never addressed.

> *Pursuant to Rule 12(b)(6) in **Hishon v. King and Spalding**, 467 U.S. 69, 73 (1984) "dismissal is unduly harsh," and "the standard permits dismissal of a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with allegation.*

**24.** The matter of prejudice in favor of the defendants cannot be overlooked. Education institutions, historically, were given administrative discretion by the courts in academic and discipline matters. University officials have unjustly claimed academic immunity for this reason. The landmark case in Illinois, and judicial precedence, seems unknown to university officials.

> ***Tedeschi v. Wagner College** 49 N.Y. 2d; 661, 404 N.E.2; 1307, 427 N.Y. 2d; 765 (1980)* "*is cited as the precedent case in the concern of the Court to address decisions on student rights whether discipline or academic matters when lacking in fundamental fairness, demonstrate abuse of discretion, or offend the public interest,* "

**WHEREFORE,** the petitioner seeks relief from the court and prays the Executive Committee will extend Supervisory Powers for addressing these issues de novo, above all, based on judgment rendered on inapplicable res judciata, Rule 59(e) overlooked, and claims never addressed under Rule 304(a). New Discovery was not addressed as required under Federal Rules of Evidence. Submitted to the Chief Judge, as directed, the plaintiff implores prevention of a travesty of law and manifest injustice.

Respectfully submitted,
Bettie Pullen-Walker

Date: June 9, 2009

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

NOTICE OF MOTION

**EMERGENCY MOTION FOR DE NOVO REVIEW ON DUE PROCESS DENIED**

This Notice of Filing a Motion was submitted to the Clerk of the District on this

9th day of June 2008 for Executive Committee decision on De Novo standards requested

on Reassignment based on Judgment rendered on res judicata in error of law and statutes,

timely-filed Rule 59(e overlooked, New Discovery overlooked that revealed Deception and

Concealment, and Due Process denied, as set forth therein, the material facts true and

accurate, and hereby served on you.

June 9, 2008                                                 [signature]
DATE                                                         SIGNATURE CERTIFICATION

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

## CERTIFICATE OF SERVICE

I, BETTIE PULLEN-WALKER, PRO-SE, HEREBY CERTIFY that on this 9th day of June 2008, a true and correct copy of the foregoing Emergency Motion for Executive decision on de novo standards was filed with the Clerk of the Court at 219 South Dearborn, Chicago, Illinois by hand delivery, and by United States Postal Service to the attorneys for defendants at their place of business, 3030 Salt Creek Lane, Suite 202, Arlington Heights, Illinois.

June 9, 2008
**DATE**

_[signature]_
**SIGNATURE CERTIFICATION**