IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

BETTIE PULLEN-WALKER )
)
    Plaintiff/Appellant )    CASE No. 08 C 2299
vs. )
) THE CHIEF JUDGE:
ROOSEVELT UNIVERSITY, ROOSEVELT ) JOHN H. DARRAH
UNIVERSITY BOARD OF TRUSTEES, )
Valerie Janesick, George Lowery, )
Potenza, et al )
)
Defendant/Appellees )

**EMERGENCY MOTION CONCERNING DE NOVO STANDARD**

**GRANTED AND DISMISSED WITHOUT OPPORTUNITY TO REFILE**

To: Mr. Robert E. Swain and Steve Richart
    Attorney for the Defendants
    Hodges, Loizzi, Eisenhammer, Rodick, and Kohn
    3030 Salt Creek Lane #202
    Arlington Heights, Illinois 60005
       847/607-9000

Bettie Pullen-Walker, Pro-Se
745 East 84th Place (1S)
Chicago, Illinois 60619
   773/487-0084

June 25, 2008
**DATE**

_Bettie Pullen-Walker_
**SIGNATURE CERTIFICATION**

## EMERGENCY MOTION CONCERNING DE NOVO STANDARD
## GRANTED AND DISMISSED WITHOUT OPPORTUNITY TO REFILE

NOW COMES PLAINTIFF, Bettie Pullen- Walker, pro-se, v. Defendants Roosevelt University, its Board of Trustees, and employees, et al, *upon unlawful expulsion* from the College of Education doctoral program; falsely charged with avoidance of final exams on pretense of academic reasons [8 years norms, only 4 expired; GPA at 3.62 and 3.0 required]. The real reason was sex discrimination in violation of 20 U.S.C. § 1681 et seq,, the Title IX Education Amendment Act of 1972 implicit cause of action. Judgment rendered was in error of law based on res judicata; inapplicable for lack of jurisdiction pursuant to Rule 1447(c), and as stated by Judge Coar in the underlying breach of contract case.

The Chief Justice granted leave to file the instant case **de novo** under Judge Darrah, presiding in the original Title IX Case (05 C 5428). On June 19, 2008, upon attempting to file the complaint, the plaintiff was informed by the docket section of an **Order entered and the request denied.** The Order was entered on the Executive Order without opportunity for the plaintiff to re-file the Title IX case. The Plaintiff's Complaint is barred from refilling, and without a direct order from the court, the right to appeal is denied. The plaintiff has not had "a day in court" on the cause of action filed.

New Discovery that revealed deception concerning the identities of the parties initiating the court action, and concealment of material facts that altered the case were never addressed as required by Federal Rules of Evidence as a matter of law.

The civil procedure upheld as shown below is relevant in the instant case:

> *In Satellite Broadcasting & Commica'ns Ass'n v. Oman* 17 F. #d 344, 348 (11 Cir.) "[W]hen a panel decision did not ...find the statute's "clear meaning," a subsequent panel of the same court is not precluded from revisiting question of statutory interpretation." F.R.C.P. 59(e)(4)(1)A.

For the reasons stated, reassignment to thec original judge does not seem practical. Above all, the presiding judge appears to be prejudiced against the plaintiff for no reasonable cause. Judgment was in conflict with the material facts and with rulings by Judges Aspen and McGrath

1

on the same matter. The decisions in departure from accepted and usual course of judicial were sanctioned under appeal, and Title IX enactments overlooked.

There has been no relief at law. This dismissal as in the previous proceedings was not on the merits. The rulings of the District Court will result in a miscarriage of justice if allowed to stand, as quoted from Supreme Court text: *(a) in conflict with other courts on the same matter, (b) in departure from the accepted and usual course of judicial proceedings, (c) departure was sanctioned under appeal, and (d) important issues and claims were decided in conflict with enactments of the Supreme Court.*        (U.S. Reports)

The Motion submitted for Executive review, setting forth the procedural defects, is not the Title IX case, as the reassignment is expected to address. That is, Title IX claims and other substantial legal claims were not addressed in the underlying court, and the presiding Judge does not seem inclined to do so at this time. New Discovery revealed alteration of material facts and identities of the parties that changed the contents of the case; unknown by the plaintiff over 5 years of litigation, and the court refused to address the matter.

When there is deception and concealment that the plaintiff could not have known during court proceedings, pursuant to Federal Rules of Evidence, review is required as a matter of law. The actions of deception and concealment by the defendants were deliberately intended to deceive the defendant and the court, and no one should be above the law.

*Pursuant to Rule 12(b)(6) in Hishon v.King and Spalding, **467 U.S. 69, 73 (1984)** "dismissal is unduly harsh, and the standard permits dismissal of a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.*

**WHEREFORE**, based on the hardship of dealing with the case, and de novo standards applying by Executive Order, the plaintiff implores and prays the Court to extend Supervisory Powers and grant a change of venue on the merits of the cause of action or, alternately, provide directions for review of the Title IX case; never addressed, and trial by jury requested denied.

Respectfully submitted,

Date: June 25, 2008

Bettie Pullen-Walker

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

FILED
JUN 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NOTICE OF MOTION

EMERGENCY MOTION CONCERNING DE NOVO STANDARD
GRANTED AND DISMISSED WITHOUT OPPORTUNITY TO REFILE

This Notice of Filing a Motion on a New Case Under De Novo standard denied as granted by the Chief Justice without opportunity for refiling, thus denied the right to Appeal based on important federal questions upon Judgment rendered on res judicata without merit in error of law and statutes pursuant to Rule 1447(c), timely-filed motion within 10 days of judgment that extended time to appeal pursuant to Rule 59(e) replaced by Rule 60(b) filed 45 days after judgment for an answer instanter, New Discovery that revealed deception and concealment that required review as a matter of law pursuant to Federal Rules of Evidence, and due process denied to Constitutional rights to a fair trial and defense. The Implied Cause of Action was never addressed as required under codified mandates enacted for protection of student rights in private Higher Education pursuant to U.S.C. § 1681 et seq., of Title IX, the Education Amendment Act of 1972 and all issues and claims were not addressed before judgment pursuant to Rule 304(a), as set forth therein, the material facts true and accurate to the best of my knowledge, and hereby served on you

_June 25, 2008_
DATE

_/s/ Bothe Tildon Walker/_
SIGNATURE CERTIFICATION

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

CERTIFICATE OF SERVICE

I, BETTIE PULLEN-WALKER, PRO-SE, HEREBY CERTIFY that on this 25th day of June 2008, a true and correct copy of the foregoing Motion on a New Case Under De Novo standard denied as granted by the Chief Justice without opportunity for refilling based on Judgment rendered on res judicata in error of law and statutes, timely-filed Rule 59(e overlooked, new discovery overlooked that revealed deception and concealment, and due process denied, the material facts fully set forth therein was filed with the Clerk of the Court at 219 South Dearborn, Chicago, Illinois by hand delivery, and by United States Postal Service to the attorneys for defendants at their place of business, 3030 Salt Creek Lane, # 202, Arlington Heights, Illinois.

June 25, 2008
DAT4

SIGNATURE CERTIFICATION