IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO, ILLINOIS

| | |
|---|---|
| BETTIE PULLEN-WALKER ) | |
| ) | |
| Plaintiff/Appellant ) | CASE No. 08 C 2299 |
| vs. ) | |
| ) | THE CHIEF JUDGE: |
| ROOSEVELT UNIVERSITY, ROOSEVELT ) | JAMES HOLDERMAN |
| Valerie Janesick, George Lowery, ) | |
| Potenza, et al ) | |
| ) | |
| Defendant/Appellees ) | |

## MOTION TO APPEAL FOR ASSSIGNMENT TO A NEW JUDGE

To: Mr. Robert E. Swain and Steve Richart
    Attorney for the Defendants
    Hodges, Loizzi, Eisenhammer, Rodick, and Kohn
    3030 Salt Creek Lane #202
    Arlington Heights, Illinois 60005
       847/607-9000

Bettie Pullen-Walker, Pro-Se
745 East 84th Place (1S)
Chicago, Illinois 60619
773/487-0084

FILED

JUN 25 2008
JUN 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

June 25, 2008
DATE

SIGNATURE CERTIFICATION

## APPEAL FOR ASSSIGNMENT TO A NEW JUDGE

NOW COMES PLAINTIFF, Bettie Pullen- Walker, pro-se, v. Defendants, Roosevelt University, its Board of Trustees, and employees, et al, *upon falsely alleged avoidance of* Comprehensive Examination and expulsion from the doctoral program, Educational Leadership and Organizational Change (ELOC) in the College of Education. This action was on pretense of academic reasons; in conflict with the plaintiff's academic performance above departmental standards, and national norms of eight years for completion of doctoral requirements, and only four had expired.

The real reason was sex discrimination in violation of 20 U.S.C. § 1681 et seq,, Title IX Education Amendment Act of 1972 that invoked implicit cause of action. Title IX mandates were not addressed, as enacted for protection of student rights in Higher Education, and controlling statutes were misinterpreted or overlooked, as set forth in the petition submitted to the executive Body.  The Judgment rendered was in error of law based on res judicata; inapplicable for lack of jurisdiction pursuant to Rule 1447(c), and as stated by Judge Coar in the underlying breach of contract case.

> On assignment of the new case to the Executive Committee, Judge Pallmeyer stipulated that the case should be reassigned to the prior judge. The plaintiff had not expected the case to be assigned to the prior judge by operation of Rule 36 of the Seventh Circuit.

Quoting Judge Rader of the Circuit Court in Eolas Techs. Inc. v. Microsoft Corp., 399 F. 3d 1325 (Fed. Cir. 2005) (Eolas I):

"The purpose of Rule 36 is to avoid, on retrial or reversal, any bias or mindset the judge may have developed during the first trial." Cange v. Sotler and Co., 913 F. 2d (7th Cir. 1990). While proceedings did not reach trial as requested, the plaintiff petitions this court for reassignment to a new judge consistent with the purpose of Rule 36.

1

The Court also stated: "[A]pplication of Rule 36 dose not rob the District Court of independent duty to assess reassignment in any particular case, and the Rule does not automatically apply where the judgment reversed has not resulted from a trial." The plaintiff thereby urgently seeks discretion of the court for consideration and decision of the proceedings upon judgment and dismissal that warrant the request for a new judge.

Upon appeal to the Executive Committee, as set forth in the Complaint and briefs filed, the plaintiff has presented the record of personal bias and extreme circumstances that warrant reassignment. However, the reassignment does not require a finding of actual bias or prejudice, "but only that the facts might reasonably cause an objective observer to question the judge's impartiality." In re United States v. Microsoft Corp. 56 F. 3d 1448, 1463 (D.C. Cir. 1995).

**WHEREFORE**, the plaintiff seeks reassignment to a new judge with opportunity to file the Complaint as: (1) a "mirror-image" of the original case filed, as required, with (2) adjustment of the amended items thereafter that may be appropriate as included by the court appointed attorney, (3) address of new discovery of altered material facts, and actual identities of the parties, and (4) other substantial legal claims that were not adjudicated by the prior Judge, or alternately, direction on filing both the original and amended Complaints. Based on the hardship of dealing with the case, and de novo standards applying by Executive Order, the plaintiff prays the Court will grant reassignment to a new judge on the merits of the cause of action, and because "reassignment to a new judge is not unique to this court's exclusive jurisdiction."

Respectfully submitted,

*[signature]*
Bettie Pullen-Walker

Date: June 25, 2008

2